UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| LUKE JACKSON, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:22-CV-219-TAV-DCP |
| | ) |
| JIM HAMMOND, | ) |
| OFFICER WYATT, and | ) |
| OFFICER DOE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff has filed a pro se prisoner's civil rights complaint under 42 U.S.C. § 1983 [Doc. 4] and a motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth below, Plaintiff's motion will be granted, and this action will be dismissed as frivolous.

### I. MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from Plaintiff's motion and supporting documents that he lacks the financial resources to pay the filing fee. *See* 28 U.S.C. § 1915(a)(2). Accordingly, Plaintiff's motion to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902 as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his

inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this Order to the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING OF COMPLAINT

### A. Screening Standards

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant

2

statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

B.     **Plaintiff's Allegations**

At all relevant times, Plaintiff was housed in "sol[i]tary confinement administrative segregation protective custody" in the Hamilton County Jail (the "Jail") [Doc. 4 p. 3-4]. One common area of the Jail was utilized for inmate recreational walks [*Id*. at 4].

At around 7:00 p.m. on September 28, 2019, Deputy Wyatt opened Plaintiff's cell door to allow him recreational time [*Id*.]. Plaintiff was using his allotted time to use the Jail's kiosk system when as-yet-unidentified deputy, Deputy John Doe, opened another inmate's cell door [*Id*. at 5]. That inmate entered the recreation area and began to attack Plaintiff by repeatedly punching, stomping, and kicking him [*Id*.]. The attack was so violent that Plaintiff lost vision in his right eye, and he had to undergo reconstructive surgery on his jaw [*Id*.]. Plaintiff later developed an infection in his mouth due to his inability to eat properly, which caused more pain and discomfort [*Id*.].

Plaintiff contends that he was injured only because Sheriff Jim Hammond allows "different types of segregated inmates" to be housed in the same unit of the Jail, and because Deputies Wyatt and Doe failed to keep Plaintiff separate from the offending inmate [*Id*. at 6]. Plaintiff asks the Court to award him $15 million in punitive damages from each Defendant and to issue an order for "precautionary measures" at the Jail [*Id*. at 7].

**C.    Analysis**

Plaintiff's complaint, which was filed in 2022, complains of events that occurred in September 2019 [Doc. 4]. In § 1983 actions, federal district courts apply the State's statute of limitations for personal injury actions. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Tennessee, that period is one year. *See Tenn. Code Ann*. § 28-3-104; *Foster v. State*, 150 S.W.3d 166, 168 (Tenn. Ct. App. 2004) (applying the one-year statute of limitations from Tenn. Code Ann. § 28-3-104 in a § 1983 claim). When the statute begins to run, however, is an issue of federal law. *Eidson v. State of Tenn. Dep't of Children's Servs*.,

4

510 F.3d 631, 635 (6th Cir. 2007) (citations omitted). Under federal law, a cause of action accrues, and the limitations period begins to run, when the injury forming the basis of the claim is discoverable, s*ee Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991) (citing *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)), or when the cause of action is complete. *Dibrell v. City of Knoxville, Tennessee*, 984 F.3d 1156, 1162 (6th Cir. 2021) (acknowledging that the "standard" rule starting limitations period is "when the plaintiff has a complete and present cause of action").

The injury forming the basis of Plaintiff's failure-to-protect claim was discoverable on September 28, 2019, and his cause of action for that claim was complete when he was allegedly attacked on that date. However, Plaintiff did not file the instant suit until June 2022 [Doc. 4]. Therefore, this action was filed well beyond the relevant statute of limitations and should be **DISMISSED** as frivolous. *See Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate.") (citation omitted).

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

5

4. This action will be **DISMISSED** as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b); and

5. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

6

Case 3:22-cv-00219-TAV-DCP   Document 5   Filed 06/28/22   Page 6 of 6   PageID #: 23